UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Pat Nilsen and John Nesse, *as Trustees of the Carpenters and Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund and each of their successors*; and Dominic Andrist and Rick Battis, *as Trustees of the Twin City Floor Covering Industry Pension Fund and Twin City Floor Industry Fringe Benefit Trust Fund, and each of their successors*;<br><br>        Plaintiffs,<br><br>v.<br><br>Master Floors of Minnesota, Inc.; Daniel S. Carlson, *doing business as Master Floors LLC*; Genesis Flooring, Inc.; New Wave Laundry, LLC; 1501 11th Avenue South, LLC; 670 Charles Avenue, LLC; 2300 Elliot Avenue, LLC; Master Floor 2, LLC; DC Nicollet Development, LLC; 3948 Oakland Avenue South, LLC; New Life Organization, LLC; New Life Properties, LLC; David S. Carlson, *individually*;<br><br>        Defendants. | Case No. 23-CV-00676 (JMB/TNL)<br><br>**ORDER OF DISMISSAL** |

---

This matter is before the Court on a document styled as a joint Stipulation to Dismiss Defendants Genesis Flooring, Inc. (Genesis) and New Wave Laundry, LLC (Stipulation). (Doc. No. 33.)  The Stipulation is signed by all Plaintiffs and by the Defendants who, to date, have appeared—namely, Master Floors of Minnesota, Inc.; David S. Carlson; 1501 11th Avenue South, LLC; 670 Charles Avenue, LLC; 2300 Elliot Avenue, LLC; Master

Floor 2, LLC; DC Nicollet Development, LLC; 3948 Oakland Avenue South, LLC; New Life Organization, LLC; and New Life Properties, LLC.  (*See id.*)

Neither Genesis nor New Wave has appeared, answered, or filed an acknowledgement of service and there are no proofs of service filed as to either in this action.  In the Stipulation, the stipulating parties explain that Genesis "was administratively dissolved . . . prior to the audit period" and that New Wave was "sold to an unrelated third party . . . prior to the audit period."  (Doc. No. 33.)  The stipulating parties do not cite to any specific Federal Rule of Civil Procedure to signal to the Court under which rule they make their request.  However, based on the explanations noted in the Stipulation and because neither Genesis nor New Wave has filed an answer, the Court construes the Stipulation as a request by Plaintiffs for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Therefore, IT IS HEREBY ORDERED that all claims against Genesis and New Wave are DISMISSED from this action WITHOUT PREJUDICE.

Dated:  October 28, 2024                                        /s/ *Jeffrey M. Bryan*
                                                                                Judge Jeffrey M. Bryan
                                                                                United States District Court