UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAT NILSEN and JOHN NESSE, *as Trustees of the Carpenters and Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund*; and DOMINIC ANDRIST and RICK BATTIS, *as Trustees of the Twin City Floor Covering Industry Pension Fund and Twin City Floor Industry Fringe Benefit Trust Fund, and each of their successors*,<br><br>Plaintiffs,<br><br>v.<br><br>MASTER FLOORS OF MINNESOTA, INC.; DANIEL S. CARLSON; DANIEL S. CARLSON D/B/A/ MASTER FLOORS LLC; 1501 11TH AVENUE SOUTH, LLC; 670 CHARLES AVENUE LLC; 2300 ELLIOT AVENUE, LLC; MASTER FLOOR 2 LLC; DC NICOLLET DEVELOPMENT, LLC; 3948 OAKLAND AVENUE SOUTH, LLC; NEW LIFE ORGANIZATION, LLC; and NEW LIFE PROPERTIES, LLC,<br><br>Defendants. | Case No. 23-cv-676 (LMP/DJF)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

Angela R. Cefalu, Matthew David Barron, and Danielle E. Marocchi, **Reinhart Boerner Van Deuren S.C.**, **Minneapolis, MN**, for Plaintiffs.

Kevin D. Hofman, **Messerli & Kramer P.A.**, **Minneapolis, MN**, for Defendants.

On March 25, 2025, this Court largely granted Plaintiffs' motion for summary judgment and held that Plaintiffs were entitled to their reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 1132(g)(2)(D). ECF No. 60 at 23; *see Nesse v. Green Nature-Cycle, LLC*, No. 18-cv-636 (ECT/HB), 2020 WL 2848193, at *1 (D. Minn. June 2, 2020) (explaining that when judgment is rendered in favor of a Plan, an award of fees under Section 1132(g)(2)(D) is mandatory). Plaintiffs now move for attorneys' fees and costs. ECF No. 62. Defendants did not respond to the motion. For the following reasons, the Court grants the motion and awards Plaintiffs $191,737.80 in attorneys' fees and $10,228.31 in costs, as against Defendants Master Floors of Minnesota, Inc. ("Master Floors"), Daniel S. Carlson ("Carlson"), DC Nicollet Development, LLC ("DC Nicollet"), and New Life Properties, LLC ("NLP"), jointly and severally.

## FACTUAL BACKGROUND

Carlson is the owner of Master Floors, DC Nicollet, and NLP. ECF No. 6 ¶ 4; ECF No. 43-1 at 25–26. In March 2023, Plaintiffs, who are the trustees and fiduciaries of welfare-benefit funds (the "Funds"), sued Carlson, Master Floors, DC Nicollet, and NLP. ECF No. 1. Plaintiffs alleged that those Defendants failed to pay fringe benefit contributions due to the Funds under the terms of a Collective Bargaining Agreement to which those Defendants were bound. *See generally id.* Plaintiffs therefore sought those unpaid fringe benefit contributions pursuant to the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1145.

The Funds' administrator began an audit into the unpaid fringe benefit contributions owed by these Defendants. *See generally* ECF No. 42. During discovery in this action, Carlson provided the Funds' auditor with invoices, Forms 1099, and bank account records. *See id.* ¶¶ 20, 22, 25, 28, 31–32, 38, 41. However, Carlson openly admitted that he was a

2

poor recordkeeper, ECF No. 49 ¶ 5, and the audit was complicated by the fact that Master Floors, DC Nicollet, and NLP did not use a payroll system, did not produce any payroll summaries, did not produce individual earning records, and claimed that they did not maintain timecards, ECF No. 42 ¶ 18. Pursuant to the Funds' audit policy, the auditor made reasonable estimates on the amount of unpaid fringe contributions based on the records provided. ECF No. 42-4 at 4–5. The auditor also used deposition testimony during this action to identify non-covered work for which fringe contributions were not owed. *See* ECF No. 42 ¶¶ 21, 35.

Based on the records provided by Defendants and the deposition testimony in this action, the Funds' administrator conducted an audit for the period of January 1, 2022 to December 31, 2023, and determined that Master Floors, DC Nicollet, NLP, and Carlson were responsible for unpaid fringe benefit contributions. *See* ECF No. 42 ¶¶ 19–37. The Funds' administrator also concluded that two entities related to Carlson—New Life Gardens LLC ("NLG") and Up We Go LLC ("UWG")—also owed unpaid fringe benefit contributions. *See id.* ¶¶ 38–43.

Plaintiffs moved for summary judgment, arguing that they were entitled to an award of damages in the amount of the auditor's calculations of unpaid contributions for Master Floors, DC Nicollet, and NLP, along with an award of liquidated damages and interest. *See* ECF No. 37, ECF No. 44 at 31–41. Plaintiffs also sought judgment against Carlson personally for the unpaid contributions of NLG and UWG. ECF No. 44 at 41–42.

The Court largely granted Plaintiffs the relief they requested, awarding judgment against Master Floors in the amount of $579,290.28; against DC Nicollet in the amount of

3

$386,990.48; against NLP in the amount of $1,629,783.41; and against Carlson, jointly and severally, in the amount of $2,596,064.17.[1]  ECF No. 60 at 12–24.  However, the Court concluded that Carlson was not liable for NLG's and UWG's obligations in the amount of $158,154.17.  *Id.* at 9–12, 24.

Because the Court awarded "judgment in favor of the plan," the Court concluded that Plaintiffs were entitled to their reasonable attorneys' fees and costs in maintaining this action.  *Id.* at 23 (quoting 29 U.S.C. § 1132(g)(2)(D)).  Plaintiffs have now filed a formal motion for attorneys' fees and costs, ECF No. 62, to which Defendants have not responded.

## ANALYSIS

Once a court determines that a party is entitled to fees and costs, the primary concern is whether the fees and costs sought are reasonable.  *See Blum v. Stenson*, 465 U.S. 886, 893–95 (1984).  Even though Defendants do not oppose Plaintiffs' motion, it is the Court's responsibility to ensure that an award of fees and costs is reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.'").

### I.   Attorneys' Fees

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).  In determining a reasonable

---

[1]   Carlson's personal liability arose from his contractual agreement to assume responsibility for the obligations of Master Floors, DC Nicollet, and NLP.  *See* ECF No. 39-5 at 3, ECF No. 39-7 at 22.

4

fee award, the Court may also consider other non-exclusive factors, such as (1) the degree of the moving party's success, (2) the novelty and difficulty of the legal questions involved, (3) the skill requisite to perform the legal service properly, (4) the experience, reputation, and ability of the attorneys, and (5) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3. However, the Court recognizes that these factors may also be relevant to determining the initial lodestar calculation. *See id.* at 434 n.9 (explaining that "many of these factors usually are subsumed within the initial [lodestar] calculation"). The party seeking attorneys' fees bears the burden of proving the reasonableness of the hours worked and the rates claimed. *Id.* at 433–34.

    a. **Reasonable Rates**

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). Counsel bear the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11.

Plaintiffs seek attorneys' fees for the work of four attorneys. Amanda R. Cefalu is a Shareholder at Reinhart Boerner Van Deuren s.c. ("Reinhart") and has over 20 years of experience in litigating ERISA cases; her hourly rate in this matter ranged from $330 to $385. *See* ECF No. 63 ¶¶ 6–7, ECF No. 63-1. Danielle Marocchi is an associate at Reinhart and has six years of litigation experience; her hourly rate in this matter ranged from $340 to $360. *See* ECF No. 63 ¶ 12, ECF No. 63-1. Matthew Barron is an associate at Reinhart

5

and has four years of litigation experience; his hourly rate in this matter ranged from $280 to $320.  *See id.*  Jack Murphy, a transactional attorney, was also engaged regarding researching ownership issues relating to the multiple entities involved in this case; his hourly rate is $530.  *See* ECF No. 63 ¶ 12, ECF No. 63-1 at 3.  Finally, Plaintiffs seek fees for the work of Lucretia Anderson, a paralegal with over 15 years of experience; her hourly rate is $180.  *See* ECF No. 63 ¶ 12, ECF No. 63-1.

The Court generally finds that the hourly rates of these professionals are reasonable and accord with similar fee awards in this District.  *See Grandson v. W. Lake Superior Piping Indus. Pension Plan*, No. 23-cv-214 (LMP/LIB), 2025 WL 877589, at *8 (D. Minn. Mar. 21, 2025) (finding hourly rate of $350 to $400 to be reasonable for experienced ERISA practitioners); *Lundgren v. Country Life Ins. Co.*, No. 20-cv-2467 (PJS/KMM), 2021 WL 4705186, at *5 (D. Minn. Oct. 8, 2021) (finding five attorneys with hourly rates between $250 and $425 in an ERISA case to be reasonable); *Utecht v. Diamond Lake, Inc.*, No. 16-cv-118 (JRT/FLN), 2017 WL 6734178, at *7 (D. Minn. Dec. 29, 2017) (finding, in 2017, that an hourly rate of $160 for a paralegal in an ERISA case was reasonable).  The sole exception is Murphy, whose hourly rate of $530 far exceeds the hourly rates of the other attorneys working on this case.  The Court will therefore adjust Murphy's hourly rate downward to $350 for the 1.6 hours that he worked on this case.

### b. Reasonable Hours

Plaintiffs seek $200,489.80 in fees for 695.5 hours of work.  ECF No. 63 ¶ 15.  In calculating the hours for which to award fees, the Court should exclude hours that were not "reasonably expended," because a prevailing party is not entitled to recover for "hours that

6

are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433–34 (citation omitted).  The Court may accordingly deny fees for time entries that are "[i]ncomplete or imprecise." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991).  Additionally, tasks that are administrative or clerical in nature cannot fairly be accounted for at an attorney's or paralegal's billing rate.  *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989); *Zhulin v. I.Q. Data Int'l, Inc.*, No. 23-cv-2387 (JMB/JFD), 2024 WL 4589879, at *3 (D. Minn. Oct. 28, 2024).

Upon a review of the timesheets in this matter, the Court is satisfied that the vast majority of work billed was reasonable.  As an initial matter, Plaintiffs already removed time entries spent on tasks which addressed claims that did not proceed to summary judgment or on which Plaintiffs did not succeed on summary judgment.  ECF No. 63 ¶ 14.  Although the remaining number of hours billed is high, expending those hours was reasonable given Carlson's obstructionism and poor recordkeeping and the factual complexity of this case.  This lawsuit began when Carlson refused to turn over his records to the Funds for an audit.  ECF No. 42 ¶¶ 14–16.  After this lawsuit was filed, Carlson admitted that he did not keep adequate records for the Funds to complete an audit, which required the Funds' auditor and attorneys to essentially piece together—through invoices, tax documents, and deposition testimony—which employees had engaged in covered work for which fringe contributions were due.  *Id.* ¶¶ 18, 21, 35; ECF No. 63 ¶ 11.  The complexity of that task was aggravated by the need to untangle a web of Carlson's corporate entities through which he paid employees.  ECF No. 63 ¶ 10.  Given the factual

complexity of this case, Plaintiffs have met their burden to show that they reasonably expended 695.5 hours on this litigation.

There are a few exceptions, however. First, the Court reduces Cefalu's billed time by 4.3 hours,[2] Barron's billed time by 16 hours,[3] and Anderson's billed time by 2.6 hours[4] for imprecise time entries. Those vague entries "make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." *Flygt Corp.*, 925 F.2d at 260. The Court discerns that the time entries may not have been originally imprecise, but that some of the time entry descriptions were cut off when downloading the time entries into a PDF exhibit. Nevertheless, it is Plaintiffs' burden to prove their entitlement to attorneys' fees, *Hensley*, 461 U.S. at 433–34, so without the full description of these time entries, the Court is left with vague sentence fragments that do not provide a sufficient basis to award fees. Removing these fees reduces the requested fee award by $6,410.00.

---

[2] These entries are "review of Defendants' materials" (0.5 hours), "invoice" (0.5 hours), "with Attorney M. Barron" (0.3 hours), "spreadsheet" (1.5 hours), "Judgment" (1 hour), and "regarding same" (0.5 hours). ECF No. 63-1 at 4–5, 9, 13, 15.

[3] These entries are "managing attorney A. Cefalu" (5.2 hours), "invoices" (3.9 hours), and "of managing attorney A. Cefalu" (6.9 hours). ECF No. 63-1 at 12, 14.

[4] These entries are "Attorney A. Cefalu" (1.2 hours), "Minnesota and review same" (0.3 hours), "upcoming depositions" (1 hour), and "Roscoe" (0.1 hours), ECF No. 63-1 at 3, 5, 10–11.

Second, the Court reduces Marocchi's billed time by 0.3 hours,[5] Barron's billed time by 2.3 hours,[6] and Anderson's billed time by 3.7 hours[7] for clerical and administrative work.  Reviewing files, organizing service of process, and docketing deadlines are clerical tasks that are not properly included in a request for attorneys' fees.  *See Zhulin*, 2024 WL 4589879, at *3; *Berscheid v. Experian Info. Sols., Inc.*, No. 22-cv-086 (JRT/LIB), 2023 WL 3750182, at *7 (D. Minn. June 1, 2023).  Removing these fees reduces the requested fee award by $1,394.00.

Third, several of the time entries are from work completed by "Beverly Butula" and "Eileen Linzmeyer."  ECF No. 63-1 at 10–11.  However, Plaintiffs have not explained who these people are and whether they are attorneys or paralegals, so the Court cannot evaluate whether their claimed rates and hours expended are reasonable.  The Court thus removes 1.2 hours of time expended by Butula and 1.4 hours of time expended by Linzmeyer, reducing the requested fee award by $660.00.

---

[5]   This entry is "Review scheduling order and attend to docketing issues."  ECF No. 63-1 at 4.

[6]   This entry is "Receive and review email correspondence from service processor regarding completion of service of subpoena to Wells Fargo."  ECF No. 63-1 at 9.

[7]   These entries are "dockets" (1.3 hours), "revise file notes" (0.3 hours), "set multiple dockets regarding discovery and employee deposition" (0.3 hours), "deposition docket; update file" (0.4 hours), "review and update file" (0.3 hours), "Review and update file" (0.1 hours), "Review and update file and set follow-up docket regarding requested OSHA investigative file" (0.1 hours), "and update file; set follow-up docket" (0.2 hours), "Review and update file; set follow-up dockets regarding documents responsive to our subpoenas" (0.1 hours), "Review and update file; set follow-up docket regarding Responses to our Interrogatories Set 2 to Defendant D. Carlson" (0.2 hours), and "produced; review and update file" (0.4 hours).  ECF No. 63-1 at 3–5, 7–9, 11–12.

Applying the reasonable hourly rates to the hours reasonably expended in this litigation leads to a lodestar amount of $191,737.80. In the absence of any objection by Defendants, the Court will award this amount of attorneys' fees, which carries a "strong presumption" of reasonableness. *Beckler v. Rent Recovery Sols., LLC*, 83 F.4th 693, 695 (8th Cir. 2023) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

## II.   Costs

Plaintiffs seek $10,228.31 in court costs, service of process costs, and deposition costs. *See* ECF Nos. 67–67-6. All of these costs are recoverable. *See* Fed. R. Civ. P. 54(d)(1); *Khoday v. Symantec Corp.*, No. 11-cv-180 (JRT/TNL), 2016 WL 1637039, at *12 (D. Minn. Apr. 5, 2016) (court and service of process fees); *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1134 (E.D. Mo. 1998) (deposition transcript costs are recoverable if they were "reasonably necessary in preparing the case"). These amounts are undisputed, and the Court finds them to be reasonable and supported by the record.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 62) is **GRANTED**; and

2.      Plaintiffs are awarded $191,737.80 in attorneys' fees and $10,228.31 in costs, as against Defendants Master Floors of Minnesota, Inc., Daniel S. Carlson, DC Nicollet Development, LLC, and New Life Properties, LLC, jointly and severally.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 6, 2025                              *s/Laura M. Provinzino*
                                                Laura M. Provinzino
                                                United States District Judge